**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND, | ) <br> ) CASE NO.: 22-cv-5432 <br> ) |
| Plaintiff, | ) JUDGE: <br> ) |
| vs. | ) <br> ) MAGISTRATE JUDGE: |
| VMR CONTRACTORS, INC., an Illinois corporation, | ) <br> ) <br> ) |
| Defendant. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, the STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND, by and through its attorneys, JOHNSON & KROL, LLC, complaining of the Defendant, VMR CONTRACTORS, INC. ("VMR"), and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185I, 1132(e)(1), and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND ("Pension Fund"), the Structural Iron Workers Local No. 1 Welfare Fund, the Structural Iron Workers Local No. 1 Annuity Fund, the Apprenticeship Training and Journeyman's Retraining Fund, the National I.W. Apprenticeship Fund, and the Local No. 1 Scholarship Fund (collectively, the "Trust Funds") are administered at 7700 Industrial Drive, Forest Park, Illinois 60130, and pursuant

to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements between employers and the Local Union No. 1 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Union") and, therefore, are multiemployer plans under 29 U.S.C. § 1002.

4. The Trust Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust (the "Trust Agreements").

5. The Pension Fund is required to receive, hold, and manage all monies required to be contributed to the Trust Funds, and is the authorized collection agent under the Principal Agreement and Trust Agreements for contributions to the Trust Funds and wage assessments payable to the Union required under the Principal Agreement.

6. The Union is the bargaining representative of VMR's ironworker employees.

7. The Defendant VMR is an Illinois corporation with its principal place of business located in Hazel Crest, Illinois.

## COUNT I
## BREACH OF THE PRINCIPAL AGREEMENT

8. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. VMR is an employer engaged in an industry affecting commerce that entered into a Compliance Agreement with the Union where it agreed to be signatory to the Principal Agreement between the Union and the Associated Steel Erectors of Chicago, Illinois for all times relevant to this action. (A copy of the Compliance Agreement is attached as

**Exhibit 1**; A copy of the Principal Agreement is attached as **Exhibit 2**).

10. Pursuant to the Principal Agreement, the Defendant VMR also became bound by the provisions of the Trust Agreements and Declarations of Trust ("Trust Agreements"). (**Exhibit 2**).

11. Pursuant to the provisions of the Principal Agreement and Trust Agreements, VMR is required to make monthly reports of hours worked by its ironworker employees and pay contributions to the Trust Funds at the negotiated rate.

12. Pursuant to the Principal Agreement and duly authorized dues check-off cards, VMR is required to deduct union dues assessments and vacation savings ("wage assessments") from its ironworker employees' paychecks and remit payment of those union dues to the Pension Fund, as the collection agent for the Union.

13. The monthly reports and contributions during all times relevant were due on or before the fifteenth (15th) day of the calendar month following the calendar month during which the work was performed.

14. Pursuant to Section 502(g)(2) of ERISA, the Principal Agreement and Trust Agreements, employers who fail to submit their monthly contribution reports, contributions and wage assessments to the Pension Fund on a timely basis are responsible for the payment of liquidated damages at a rate of twenty percent (20%) of the amount unpaid and interest at the rate of prime plus two percent (2%) per annum until contributions and wage assessments remain unpaid, plus any reasonable attorney's fees and costs incurred by the Pension Fund in collecting outstanding amounts owed to the Pension Fund.

15. VMR failed to timely remit payment of its contributions and wage assessments for the months of June 2022, July 2022, and August 2022.

16. As a result of its failure to timely remit contributions and wage assessments, VMR owes liquidated damages and interest for the months of June 2022, July 2022, and August 2022 in the aggregate amount of $69,565,52, itemized as follows:

| Month: | Type: | Amount: |
|---|---|---|
| June 2022 | Liquidated Damages | $15,735.37 |
| June 2022 | Interest | $203.70 |
| July 2022 | Liquidated Damages | $23,465.23 |
| July 2022 | Interest | $48.22 |
| August 2022 | Liquidated Damages | $29,959.20 |
| August 2022 | Interest | $153.90 |
| | **Total:** | **$69,565.52** |

17. VMR paid $6,822.20 towards the liquidated damages and interest, leaving an outstanding balance of $62,743.32.

18. VMR has a continuing obligation to remit contributions and wage assessments to the Pension Fund. As a result, additional contributions, liquidated damages, and interest may become due and owing.

19. The Plaintiff has been required to employ the undersigned counsel to collect the monies that are due and owing from VMR.

20. The Plaintiff has complied with all conditions precedent in bringing this suit.

21. VMR is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff pursuant to the Principal Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiff respectfully requests:

A. That Judgment be entered in favor of Plaintiff and against Defendant VMR in the aggregate amount of $62,743.32 in liquidated damages and interest owed for its late payment of contributions and wages assessments owed for the months of June 2022, July 2022, and

August 2022;

B. That Judgment be entered in favor of Plaintiff and against Defendant VMR for any other contributions, wages assessments, liquidated damages, and interest that are found to be due and owing in addition to the amounts referenced in paragraph A above;

C. That Defendant VMR be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff pursuant to the Principal Agreement, Trust Agreements, and 29 U.S.C. §1132(g)(2)(D); and

D. That Plaintiff has such other and further relief as the Court may deem just and equitable all at the Defendant VMR's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,

**STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND**

Hussein M. Issa - 6340001
One of Plaintiff's Attorneys

Hussein M. Issa
JOHNSON & KROL, LLC
311 S. Wacker Drive, Suite 1050
Chicago, IL 60606
(312) 757-5472
issa@johnsonkrol.com